Harry **MUELLER**, Petitioner-Appellant in 73–1918, Plaintiff-Appellant in 73–1917,

v.

Robert **TURCOTT** et al., Respondents-Appellees in 73–1918, Defendants-Appellees in 73–1917.

Nos. 73–1918, 73–1917.

United States Court of Appeals, Seventh Circuit.

Argued April 10, 1974.

Decided Aug. 19, 1974.

Peter C. Karegeannes, Milwaukee, Wis., for appellant.

Robert W. Warren, Atty. Gen., James Petersen, Asst. Atty. Gen., Madison, Wis., for appellees.

Before FAIRCHILD, PELL and STEVENS, Circuit Judges.

FAIRCHILD, Circuit Judge.

Appellant Harry Mueller brings these appeals from a judgment denying his petition for a writ of habeas corpus and a judgment dismissing his civil action under 42 U.S.C. § 1983. Since the two actions are based upon the same factual allegations and present the same legal issues, with the exception of the request for damages under the § 1983 action, the appeals have been considered together.

Appellant Mueller is an inmate at the Wisconsin State Prison at Waupun, a maximum security institution for adult male offenders. Appellees Turcott and Gray are, respectively, the Resident Physician and the Warden at Waupun, and Appellee Schmidt is Secretary of the Department of Health and Social Services in which capacity he has responsibility for the state prison system.

This dispute arose from an attempt by Mueller in October, 1972 to be transferred to the Wisconsin Correctional Institution at Fox Lake in order to obtain vocational training in electronics. Such training is unavailable at Waupun. Mueller suffers from severe epileptic seizures and is continually under heavy medication, but Dr. Turcott expressed no objection to the transfer and the prison classification committee recommended it. The committee at the Madison office, however, reversed the decision.

On November 16, 1972, shortly after the denial of the transfer, Mueller filed his pro se § 1983 complaint seeking damages and injunctive relief. He claimed in substance that because of his fre-

quent seizures his living conditions at the prison subjected him to cruel and unusual punishment, and that the denial of the transfer was arbitrary, capricious, and discriminatory. He averred that the stated ground for the denial was that the correctional institution could not provide him with medical facilities and that this criterion had not been applied to other inmates suffering from diseases. Appellees answered, asserting that it had been determined that Mueller's "medical condition was such as to make him an inappropriate person for a transfer."

Mueller also sought habeas in the Supreme Court of Wisconsin, but further proceedings there were suspended because of the pendency of the § 1983 action presenting identical issues. Then on May 1, 1973, Mueller, pro se, filed this petition for writ of habeas corpus, containing similar claims, including the assertions that he was receiving drugs for his epilepsy, that there are no medical facilities which he could not be provided at Fox Lake, and other persons with epilepsy had been transferred. The district court appointed counsel and ordered a response, noting Mueller's claim with respect to the dangers presented by prison living conditions on account of his illness. We are not now concerned with this claim, however, because Mueller has conceded, for the purposes of the appeals, that the pleadings establish he is not entitled to relief on this claim.

Appellees filed a detailed answer, stating, among other things that the determination had been made that Mueller's need for supervision and medical treatment could not be met by the facilities at the correctional institution and showing the differences with respect to better medical facilities, and greater opportunity for supervisors to maintain observation of Mueller at the prison. Copies of medical reports and similar records were attached to the answer. By counsel, Mueller filed a reply asserting that appellee Turcott, the prison physician, had indicated the transfer might well be beneficial to Mueller, but that he had been overruled by a committee composed of laymen. On August 3, 1973, the district court dismissed the § 1983 action and denied the habeas petition, indicating that to do otherwise would be to review a highly discretionary administrative decision as to location of confinement.

## I. Denial of Habeas petition.

■ Mueller contends that there are unresolved issues of fact, and that an evidentiary hearing was required. We think, however, that the pleadings establish that Mueller is not entitled to relief. The reason concededly given for denial of the transfer is rational on its face and well within the discretion of defendants. Mueller's illness and frequency of his seizures, notwithstanding medication, is undisputed. He does not assert these circumstances his conclusory allegation that the denial was arbitrary and capricious does not entitle him to an evidentiary hearing.

■ Mueller did assert that the prison physician had no objection to the transfer and thought it might well be beneficial to Mueller. Assuming, as we must, that he could have proved this at an evidentiary hearing, it does not follow, as Mueller suggests, that it was arbitrary and capricious for a committee of laymen to decide against the transfer. The committee's decision was that the closer supervision and more readily available medical facilities at the prison were more appropriate for Mueller. It doubtless considered the institutional problems involved as well as Mueller's individual well being. In view of his illness and proneness to sudden seizures, we think the decision was well within administrative discretion even if at variance with the physician's view.

■ Mueller also asserted that other prisoners who suffer with epilepsy have been transferred to the correctional institution. Assuming, again as we must, that he could prove this fact at an evidentiary hearing, it would not, in view

of the wide range in form and severity of the disease, establish a denial of equal protection. We deem these two asserted facts, i. e. the physician's view and the transfer of others, immaterial even if established, and that the assertion of them is insufficient to require an evidentiary hearing.

## II. *Dismissal of § 1983 action.*

■ This action, though begun earlier, was dismissed at the same time the petition for habeas corpus was denied. In both Mueller sought, in effect, judicial review of the administrative decision. It is plain, considering the identity of the object and the factual and legal issues, that the district court took into account the pleadings and exhibits in the habeas corpus matter in deciding (in effect, on the pleadings) the § 1983 action. Under the circumstances we consider it appropriate to have done so.

The clerk of this court is directed to enter judgments affirming the judgments appealed from.